IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KALINARDO VISHANTI CHARLES | : | CIVIL ACTION |
| v. | : | |
| JUDGE JOSEPH CRONIN, et al. | : | NO. 10-3242 |

**MEMORANDUM**

JONES, J.                                            JANUARY 3, 2011

Plaintiff, a prisoner, has filed a pro se 42 U.S.C. § 1983 civil rights lawsuit against two Judges of the Delaware County Court of Common Pleas, two Delaware County Assistant District Attorneys, the Delaware County Public Defender's Office and two public defenders. He is seeking money damages, credit for time served and release from incarceration.

I. STANDARD OF REVIEW

The standard under which a district court may dismiss an action as frivolous under 28 U.S.C. § 1915(e) was clarified by the Supreme Court in Neitzke v. Williams, 490 U.S. 319 (1989). Dismissal under § 1915(e) is appropriate both when the action is "based on an indisputably meritless legal theory" and when it posits "factual contentions [that] are clearly baseless." Id. at 327.

II. DISCUSSION

    A.    Judicial Immunity

Judges have absolute immunity from § 1983 actions seeking money damages for actions performed in a judicial capacity. Stump v. Sparkman, 435 U.S. 349 (1978). Nothing in

this complaint suggests that Judge Joseph Cronin and Judge Gregory Mallon were acting outside of their judicial capacity in connection with plaintiff's criminal case. Therefore, plaintiff's claims against Judge Cronin and Judge Mallon must be dismissed.

**B.    Prosecutorial Immunity**

The doctrine of absolute immunity shields prosecutors from liability related to their official acts. Imbler v. Pachtman, 424 U.S. 409, 417-19 (1976). A prosecutor is absolutely immune from liability for money damages under § 1983 for acts "within the scope of his duties in initiating and pursuing a criminal prosecution." Id. at 410. There is nothing in the complaint to suggest that Assistant District Attorney Marry Mann and Assistant District Attorney Erica Parham acted outside of the scope of their prosecutorial duties in connection with plaintiff's criminal case. Accordingly, the claims against Assistant District Attorney Marry Mann and Assistant District Attorney Erica Parham will also be dismissed.

**C.    Defense Attorneys**

In order to bring suit under 42 U.S.C. § 1983, plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights. West v. Atkins, 487 U.S. 42 (1988). A defense attorney, whether court-appointed or privately retained, represents only his client, and not the state, and cannot be sued under § 1983. Polk County v. Dodson, 454 U.S. 312 (1981). Therefore, the Delaware County Public

Defender's Office, Assistant Public Defender Jeff Bauer and Assistant Public Defender Patrick Connors cannot be sued under § 1983.

### D. Release From Incarceration

Finally, plaintiff is requesting credit for time served and release from incarceration. Such requests may only be brought in a petition for a writ of habeas corpus, not a § 1983 action. Preiser v. Rodriguez, 411 U.S. 475 (1973).

### III. CONCLUSION

Plaintiff has advanced an "indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Accordingly, dismissal of this complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) is appropriate.